UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER BROZIS, as Guardian of the Person and Estate of Andrew Wheeler, a Disabled Adult. | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No.: 21-cv-1181-JBM ) |
| MATT SMITH, Woodford County Sheriff, | ) ) |
| Defendant. | ) |

## MERIT REVIEW -AMENDED COMPLAINT

Plaintiff Jennifer Brosius, Guardian of the Person and Estate of Andrew Wheeler, a Disabled Adult, has filed an amended complaint on Mr. Wheeler's behalf. Plaintiff asserts a claim under 42 U.S.C. § 1983, alleging that Woodford County Sheriff Matt Smith has been deliberately indifferent to Mr. Wheeler's serious medical needs without identify the underlying medical condition or conditions which require medical attention. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

At all relevant times, Andrew Wheeler was held as a pretrial detainee at the Woodford County Jail ("Jail"). Plaintiff names Sheriff Smith as the only Defendant and has filed an amended complaint which is so sparsely pled that it fails to place any potential Defendant on notice of the claims against him. Plaintiff alleges several different incidents of deliberate indifference, largely without identifying the dates of the alleged violation. Plaintiff does plead as to one particular claim, that from February 21, 2020 through the date of filing, Mr. Wheeler was not administered a mental health injectable medication by "trained medical personnel" "in a proper manner." It is unclear whether Plaintiff asserts that Mr. Wheeler did not receive the medication at all, that it was improperly administered, or that unidentified staff was improperly trained. Plaintiff also alleges that the Jail physician had no knowledge of the medication, that Mr. Wheeler did not undergo blood testing as required by the medication protocol, and that the medication had to be discontinued due to the lack of blood work results and questionable damage to Mr. Wheeler's liver. Plaintiff names Sheriff Smith without asserting that he had personal knowledge of these events.

Plaintiff also makes the bare allegation that Mr. Wheeler did not receive mental health treatment. It is unclear whether Plaintiff is asserting that no mental health treatment was provided whatsoever, or treatment was provided but was insufficient. Plaintiff does not allege the dates on which this occurred, the particulars as to the lack of treatment, or those whom she believes responsible.

Plaintiff also makes disparate claims of "lack of dietary for a few months," not receiving medical attention for abdominal pain, and not receiving dental care for two infected teeth. Plaintiff does not allege the dates of any of these events, the factual basis for these claims or the

identities of those participated in the constitutional violations alleged. Plaintiff requests money damages and various forms of injunctive relief.

## ANALYSIS

As Mr. Wheeler was a pretrial detainee during the events at issue, these claims are reviewed under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17 (2nd Cir. 2017). Under the Fourteenth Amendment standard, a pretrial detainee need establish that the defendant's conduct was objectively unreasonable, not that defendant was subjectively aware that it was unreasonable. *Miranda v. County of Lake*, 900 F.3d 335, 2018 WL 3796482, at *9 (7th Cir. 2018). In other words, that defendant "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Darnell*, 849 F.3d at 35. This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda*, 2018 WL 3796482, at *12.

A Defendant will not be liable for deliberate indifference, however, unless he was aware or, reasonably should have been aware of a risk to Plaintiff. As noted, Plaintiff names Defendant Smith, but does not allege that he was aware or participated in the events at issue. *See Edmondson v. Decatur County Det. Ctr.*, No. 21-00499, 2021 WL 3129457, at *3 (S.D. Ind. July 23, 2021) "Individual liability under [42 U.S.C.] § 1983 ... requires personal involvement in the alleged constitutional deprivation…An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.....A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")) Plaintiff fails to state a claim against the only named Defendant.

Plaintiff will be given leave to amend. If Plaintiff is asserting that an individual did not correctly administer the injectable medication, she is to clearly state this and identify those whom she holds liable by name, job title, status, physical description or other information which would aid in identifying these individuals. If Plaintiff is asserting a claim against the Jail doctor, she is to clearly state this, identifying the nature of the claim.

Plaintiff may not proceed to here on misjoined claims regarding dietary issues, treatment for abdominal pain or treatment for infected teeth. *See Miller v. Simon,* No. 20-00448, 2021 WL 5163142, at *4 (S.D. Ill. Nov. 5, 2021). "Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Therefore, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. *Id*. citing *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

**IT IS THEREFORE ORDERED:**

Plaintiff's amended complaint is dismissed. Plaintiff will have 30 days in which to file a second amended complaint. It is to be captioned "Second Amended Complaint" and is to include all of Plaintiff's claims, without reference to a prior pleading. If Plaintiff files a second amended complaint, she is to clearly plead her claims against each Defendant in separate counts and numbered paragraphs as provided in Fed. R. Civ. P. 10. The failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

| | |
|---|---|
| _ 11/15/2021 _ | s/Joe Billy McDade |
| ENTERED | JOE BILLY McDADE |
| | UNITED STATES DISTRICT JUDGE |